## DUNN v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

ACTIONS—MISJOINDER OF CAUSES.

> A complaint alleged that plaintiff had placed with several newspapers, including defendant, certain pictures for publication on a future day, but that defendant published them before the agreed day, and thus made the pictures stale with the other papers, whereby the plaintiff lost the benefit of his contract with them, and his standing with them was injured, for which he asks damages, in addition to the damages caused immediately by the breach of contract. *Held,* that the complaint was not demurrable as stating two causes of action.

Appeal from Special Term, Westchester County.

Action by Robert L. Dunn against the New York Herald Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Robert W. Candler, for appellant.
Frank Trenholm, for respondent.

GAYNOR, J. The demurrer that a cause of action for contract and another for tort have been improperly united, and that the complaint does not state facts sufficient, was overruled below. The complaint is that the plaintiff had placed in several newspaper establishments, including that of the defendant, certain pictures for publication on a stated future day, under an agreement that he was to be paid therefor on publication; that the defendant violated this agreement and published them before the arrival of the day, and thus made the pictures stale with all the other newspapers, whereby the plaintiff lost the benefit of his contract with them. It is then pleaded in two other paragraphs that by reason of such premature publication the plaintiff's standing with all the newspapers and publishers of pictures was injured, for which he asks damages in addition to the damages caused immediately by the said breach of contract. It is manifest that the complaint does not state two causes of action, but only one. The extra damages claimed may not be provable ·or recoverable at all, but the allegation of them does not amount to a separate cause of action. The pleader had a notion that he was alleging special damage. There is a good cause of action for breach of contract alleged; the other allegations go to the question of damage.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs. All concur.